Mr. Gene Wilhoit, Director General Education Department Arkansas Department of Education 4 State Capitol Mall Little Rock, Arkansas 72201-1071
Dear Mr. Wilhoit:
This is in response to your request for an opinion on two questions regarding a professional services contract between the Department of Education and Mr. Troy Rinker, former director of the "Migrant Student Record Transfer System" ("MSRTS"). The contract calls for Mr. Rinker to prepare the State of Arkansas' response to the federal request for proposals for the future location of the Migrant Student Record Transfer System. You note that the Department could not use federally funded positions at "MSRTS" to prepare this proposal, and this is why the professional services contract was executed. You have two questions regarding these facts, which are as follows:
 1. Is the Department's contract with Mr. Rinker allowable under Arkansas law?
 2. If not, what course of action should the Department take with respect to this contract?
I must note that this office cannot provide a definitive answer to the questions posed above. My office does not have the authority to determine the legality of individual professional services contracts. This undertaking would involve the determination of facts, which is beyond the scope of an Attorney General's opinion. In any event, this function is delegated by state law to the Chief Fiscal Officer, the Department of Finance and Administration, and to the Legislative Council and Joint Budget Committees.
In addition, you have not indicated the grounds upon which you believe the contract might be challenged. The information enclosed with your request raises several issues both of state and federal law. Some of these issues include the fact that the contract was not "bid," that its duration appears to be longer than one year (see A.C.A. § 19-4-1707), that the individual contracted with may be a state employee (A.C.A. § 19-4-1707(d)). and that the use of this professional services contract to effectuate the preparation of the proposal may constitute impermissible "lobbying" under federal law. See31 U.S.C. § 1352. Resolution of these issues would require reference to facts which have not been provided with your request, such as from what funds the contract will be paid, and the recent history of Mr. Rinker's employment with the state. I should also note that this office has no particular expertise in interpreting the federal anti-lobbying legislation cited.
In any event, Arkansas law provides for the submission of such contracts to the Department of Finance and Administration. The Department is to review the contract and make a recommendation as to the legality of the contract to the Legislative Council or the Joint Budget Committee. A.C.A. § 19-4-1710(a)(3) (1987). It is the duty of the Chief Fiscal Officer to approve or disapprove such contracts after making a determination as to their compatibility with applicable laws and regulations. A.C.A. § 19-4-1713(b). Finally, subsection (e) of A.C.A. § 19-4-1713 provides that the Chief Fiscal Officer of the State shall have "final and ultimate authority" over the supervision and approval of all contracts described in A.C.A. § 19-4-1701 to -1715.
In light of these provisions, and in light of the factual nature of your request. I must decline to issue an opinion on your questions. Should the Department need further legal assistance with this matter. I suggest it consult with its agency counsel.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh